**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYMON MICKIANGELO BERRY, III,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JEFFREY L. BAKER, et al.,<br><br>　　　　Defendants.<br>_____/ | No. CIV S-06-0343-FCD-CMK-P<br><br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's request to "join necessary defendants" (Doc. 17), filed on January 8, 2007.

　　　　Plaintiff initiated this action with a complaint filed on February 17, 2006.  In the caption of the compliant, plaintiff lists the following three individuals as defendants: Baker, Robinson, and Campbell.  No other individuals are listed as defendants.  In Section III of the complaint, entitled "Introduction of Defendants," plaintiff again lists only Baker, Robinson, and Campbell as defendants.  On April 17, 2006, plaintiff submitted proofs of service of the complaint on the three named defendants.  On May 23, 2006, the court directed defendants to file

1

a response to the complaint. Defendants filed their answer on July 26, 2006.

Now, more than seven months after the court's order directing defendants to respond to the complaint, plaintiff asserts for the first time that there are additional defendants to the action. Plaintiff seeks such orders as are appropriate for service of the additional defendants. Plaintiff states that the six additional defendants – Cagle, Lamb, Jacinto, McAlister, Kudlata, and Subia – are all referenced in the original complaint. While the court finds that plaintiff is correct in that these six individuals are referenced in the complaint, none of them are labeled defendants anywhere in the pleading. Moreover, the court must wonder why plaintiff did not alert the court earlier that additional defendants should have been served.

In any event, plaintiff's original complaint does not list the six additional individuals as defendants. For this reason, plaintiff must file an amended complaint naming all the persons he wishes to be defendants to this action. Because the currently named defendants have appeared, plaintiff is required to obtain leave of court prior to filing an amended complaint. See Fed. R. Civ. P. 15(a). In addition, pursuant to this court's local rules, such a motion must be accompanied by a proposed amended complaint. In this case, plaintiff has not filed a motion for leave to amend or submitted a proposed amended complaint. Therefore, plaintiff's motion for such orders as are necessary for service of the additional individuals is not appropriate at this time and will be denied. Plaintiff may renew his request in the context of a motion for leave to amend under Rule 15(a), accompanied by a proposed amended complaint.

Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). In any such motion for leave

2

1 to amend, in addition to addressing the other factors outlined above, plaintiff must explain why
2 he delayed in seeking to add defendants.  Delay is of particular concern given that discovery
3 closed on November 24, 2006, and the pre-trial motions deadline of January 19, 2007, is fast
4 approaching.
5        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to join necessary
6 defendants (Doc. 17) is denied without prejudice.

8 DATED:   January 17, 2007.

10                                    _____
                                     **CRAIG M. KELLISON**
11                                    UNITED STATES MAGISTRATE JUDGE